UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERSON EDOARDO BANEGAS BONILLA (A# 203-795-211), | No.  1:26-cv-04530 DC SCR |
| Petitioner, | |
| v. | ORDER AND |
| CHRISTOPHER CHESTNUT, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.    Factual and Procedural Background**

Petitioner is a citizen and native of Honduras who entered the United States without inspection on June 10, 2019.  ECF No. 1 at 32; ECF No. 5-1 at 2-3.  On August 9, 2024, an immigration judge ("IJ") granted without prejudice the Department of Homeland Security's ("DHS") unopposed motion to dismiss Petitioner's removal proceedings.  ECF No. 5-2 at 3.  On March 26, 2026, members of a joint "287g task force"[1] between Immigration and Customs

---

[1]  This is a reference to INA § 287(g) [8 U.S.C. § 1357(g)], which permits the Attorney General to deputize State law enforcement "to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States."  8 U.S.C. § 1357(g).

1

Enforcement ("ICE") and the Orange County (FL) Sheriff's Office arrested Petitioner near his home and administratively charged him as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I).  ECF No. 1 at 6; ECF No. 5-1 at 2-3; ECF No. 5-3 at 1 (Notice to Appear).  He is currently detained at the California City Immigration Detention Center within this judicial district.  ECF No. 1 at 1.

Petitioner filed this § 2241 petition on June 12, 2026.  ECF No. 1.  Petitioner alleges he was detained "having not committed any infraction," id. at 6, but does not raise any specific legal claims.  Petitioner requests his release under any conditions so that he can take care of his wife, a legal permanent resident who is suffering from a brain tumor and pursing a Petition for Alien Relative (Form I-130) on his behalf.  Id. at 7, 32.  Petitioner supplemented his petition with, *inter alia*, letters of support, his wife's medical records, a lease agreement and other evidence of community ties, and records illustrating the financial hardship caused by Petitioner's detention.  Id. at 9-39.  Respondent filed a short opposition arguing, pursuant to the minority-view of cases, that Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(b)(2) and lacks a protected liberty interest separate than provided by that statute.  ECF No. 5 at 1-2.

## II.    Discussion

Although Petitioner does not identify any specific legal claims, the undersigned liberally construes it as raising the type of due process challenge to immigration detention without bond that are regularly filed in this judicial district.  See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts "must construe *pro se* habeas filings liberally"); Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001) ("Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.") (citation omitted).

The assigned District Judge has followed the majority view that 8 U.S.C. § 1226(a), rather than § 1225(b)(2), "is the appropriate section to apply in cases in which a noncitizen is already living in the United States."  Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026); see also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of

2

time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section.") (citing Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026)).  The undersigned agrees and finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b)(2).  Further evidence is the termination of Petitioner's removal proceedings in August 2024, which "demonstrates that [he] has not been 'seeking admission' in the time since." Del Valle Castillo v. Wamsley, No. 2:25-cv-2054 TMC, 2025 WL 3524932, at *7 (W.D. Wash. Nov. 26, 2025) (finding that the termination of petitioner's removal proceedings made her subject to § 1226(a) "regardless of the basis for her initial detention") (citing 8 C.F.R. § 1239.2(e)).

Accordingly, the undersigned recommends that the petition be granted.  Because Respondent does not assert any alternative basis for Petitioner's detention and does not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the undersigned finds that the appropriate relief is Petitioner's immediate release.  See Maciel, 2026 WL 496948, at *5; Osman, 2026 WL 1389891, at *1 ("[T]he proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release") (citing Zuniga Cruz, 2026 WL 890471, at *4)).

<strong>CONCLUSION</strong>

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.

IT IS FURTHER RECOMMENDED that:

1.    Petitioner's application for a writ of habeas corpus be granted as follows:

    a.    Respondents shall IMMEDIATELY RELEASE Petitioner JERSON EDOARDO BANEGAS BONILLA (A# 203-795-211) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

    b.    Respondents may place Petitioner on standard conditions of supervision upon release; and

3

c. Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8).

2. Any order adopting these findings and recommendations include language that it does not address the circumstances in which respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

3. Within three days of an order adopting these findings and recommendations, Respondents be required to file a notice of compliance confirming Petitioner's release.

4. The Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations on the California City Immigration Detention Facility.

5. The Court of the Clerk be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE