UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERSON EDOARDO BANEGAS
BONILLA (A# 203-795-211),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-04530-DC-SCR (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(ECF No. 7)

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 1, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 7.) On July 2, 2026, Respondents filed objections to the findings and recommendations, merely stating that they objected "for the reasons stated in [their] opposition to the petition." (ECF No. 8.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled

1

to a pre-deprivation bond hearing under that section.  *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

---

[1]  Respondents state in their opposition to the petition that "[i]t was Petitioner's encounter with law enforcement that led to Petitioner's re-detention," and Respondents cite to Petitioner's FBI RAP sheet. (ECF Nos. 5 at 1; 5-4 at 3–5.) However, the information contained in that RAP sheet reflects that Petitioner was arrested on a state misdemeanor charge approximately eight months before he was detained by ICE, and Respondents do not offer any argument as to how that arrest impacts the basis for Petitioner's detention.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on July 1, 2026 (ECF No. 7), are ADOPTED;

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is GRANTED as follows:

 a. Respondents shall IMMEDIATELY RELEASE Petitioner Jerson Edoardo Banegas Bonilla (A# 203-795-211) from custody.  At the time of release, Respondents must RETURN all of Petitioner's documents and possessions;

 b. Respondents shall not impose any additional restriction on Petitioner at the time of his release, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

 c. Respondents are ORDERED that, if the government seeks to re-detain Petitioner, they shall first provide him with a bond hearing before a neutral arbiter at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

3. Within three days of the date of entry of this order, Respondents are required to file a notice of compliance confirming Petitioner's release;

4. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

5. Petitioner's motion to proceed *in forma pauperis* (ECF No. 6) is DENIED as having been rendered moot by this order;

6. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Detention Facility; and

/////

/////

/////

/////

3

7. The Court of the Clerk is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: __**July 8, 2026**__

_____
Dena Coggins
United States District Judge